EFFIE NEWHOUSE, *Committee,* v. L. H. ENGLAND *et al.*

(No. 8540)

Submitted April 27, 1937. Decided May 18, 1937.

650

*D. L. Salisbury* and *Lon G. Marks*, for appellants.
*L. E. Given*, for appellees.

MAXWELL, JUDGE:

The gist of this appeal is a controversy respecting $3300.00 insurance on the life of W. C. England, deceased. The beneficiary under the policy of insurance was Victoria England, mother of the insured. On the 29th day of May, 1935, which was ten days subsequent to the death of the insured, Effie Newhouse, the plaintiff herein, was appointed by the county court of Kanawha County as committee for Victoria England on the ground that she had become *non compos mentis*. In July of the same year, the insurer paid the full amount of the policy to the committee.

In November, 1935, Effie Newhouse, committee as aforesaid, instituted this suit for the purpose of obtaining directions from the chancery court respecting certain creditors' claims which had been filed against the estate of her ward. The plaintiff also alleged a claim of her own for attending and maintaining the said Victoria

England, both before the time that a committee was appointed for her and for the period that has since elapsed.

W. C. England, the insured under the policy above mentioned, was murdered by his wife, Ida England, and their son, Regis England, in their home, May 19, 1935. Both the widow and the son are now in prison for their crime.

Other than the patricide, Regis, W. C. England was survived by eight children, seven of whom were infants at the time of his death. The eight children answered the bill. They embody in their answer a cross-bill praying affirmative relief. The infants proceed by Otha Stricklen, their guardian *ad litem* and next friend. In the cross-bill, it is alleged that Victoria England became beneficiary under W. C. England's insurance policy under an express parol trust whereunder it was her duty to hold and employ the proceeds of said insurance for the sole benefit of the children of W. C. England; that such was the express agreement and understanding between him and his mother. The cross-complainants further assert that after their father's death, and before the appointment of a committee for their grandmother, she expressly recognized the trust and indicated her intention of complying therewith; that she is not insane and that there was no occasion nor necessity for the appointment of a committee for her; that the procuring of appointment of a committee for Victoria was in furtherance of a scheme on the part of Effie Newhouse and others associated with her, for the purpose of preventing Victoria from fulfilling her obligations under the trust, to the end that they might obtain benefit from the insurance fund.

Upon final hearing of the cause on its merits, the circuit court adjudged that the proof introduced on behalf of the cross-bill complainants was insufficient to sustain their contention. The cross-bill was dismissed. The losing parties were later awarded an appeal by this court.

In support of the allegations of the cross-bill that there was an express parol trust as recited above, there was introduced the testimony of W. C. England's adult

daughter, Vada Stricklen, and her husband, Otha Stricklen, Cue Y. England, an eleven-year-old son of W. C. England, and two disinterested persons, William T. Young and F. M. Young. The testimony of Mr. and Mrs. Stricklen was clearly incompetent because, as persons interested in the event of the suit (the wife directly, and the husband indirectly because of the marital relation), they were undertaking to testify with respect to communications between them and Victoria England, now under adjudication of insanity, in a controversy between them and her estate. Such testimony comes directly under statutory inhibition. Code, 57-3-1. It may be noted in passing that even if the testimony of the Stricklens could be given full weight, it goes no farther than to present casual statements of Victoria England, subsequent to the death of W. C. England, to the effect that the insurance money was intended for the benefit of his children, and that she desired that it be so applied. The boy, Cue, testified that he was present at a conversation between Victoria England and W. C. England when the latter asked her, "If I deed this (meaning the insurance) over to you will you take care of the children?" To which she replied that she would, that she would not see them suffer. Though in narrating this alleged incident the boy was not testifying to a conversation between himself and his grandmother (*now non compos mentis*), he is nevertheless disqualified under the statute, because, in its reasonable application, it must be deemed to place a ban on conversations between a person, since deceased or insane, and one or more persons of a group, when all present were interested. V Jones on Evidence (2d Ed), p. 4359. Consult *Seabright* v. *Seabright,* 28 W. Va. 412, 463.

William T. Young testified that he knew of the trouble that had existed between W. C. England and his wife, and, when W. C. England sought the advice of witness respecting the life insurance policy, witness advised him to have the insurance made payable to his mother so that she might receive the money for the use of his children; that two or three days after W. C. England died,

Victoria told witness she was going to get the insurance money and put it in bank for the insured's children. F. M. Young testified that after the death of her son, Victoria indicated to witness that she thought it would be all right for her to collect the insurance money and deposit it in bank for the benefit of the children. The testimony of these two qualified witnesses falls far short of establishing an express parol trust as averred by the cross-bill complainants. Such a trust can be established only by clear and convincing evidence. *Vance* v. *Harper,* 109 W. Va. 747, 156 S. E. 118.

There is ample competent evidence in the record to support (1) the county court's appointment of a committee for Victoria England; (2) the circuit court's approval of certain claims which had been filed against her estate; and (3) allowance of the sum of fifty dollars monthly to the committee for care and maintenance of her ward.

For the reasons set forth we are of opinion to affirm the trial court's decree.

*Affirmed.*